UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ZAHRA AWADALLAH,

Plaintiff,

v.

METROPOLITAN LIFE
INSURANCE COMPANY,

Defendant.
_______________________________________)

**COMPLAINT**

The Plaintiff, ZAHRA AWADALLAH ("AWADALLAH"), by and through her undersigned counsel, hereby sues METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE") and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. AWADALLAH brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. AWADALLAH was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. METLIFE is a corporation with its principal place of business in the State of New York,

authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, METLIFE, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

**FACTUAL ALLEGATIONS**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to AWADALLAH by METLIFE.

6. AWADALLAH was at all times material an employee of Cellco Partnership, d/b/a Verizon Wireless and Affiliates.

7. AWADALLAH was at all times material a plan participant under the Verizon Wireless Long Term Disability Plan, also known as the Verizon Wireless Managed Disability Benefits and the Cellco Partnership, d/b/a Verizon Wireless and Affiliates Disability Income Insurance: Long Term Benefits, Group Policy No. 96398-G (the "LTD Plan"), which is established by Verizon Wireless and pursuant to which AWADALLAH is entitled to benefits. A copy of the LTD Plan as provided by METLIFE to AWADALLAH has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. METLIFE is the insurer of benefits under the LTD Plan and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, METLIFE administered the claim with a conflict of interest and the bias this created affected the claims determination. As such,

METLIFE is not entitled to a deferential standard of review.

11. METLIFE is the fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on AWADALLAH's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, AWADALLAH is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan, disability is defined as follows:

> **Disabled** or **Disability** means that, due to Sickness or as a direct result of accidental injury:
>
> - You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
> - You are unable to earn:
>   - during the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and
>   - after such period, more than 60% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience.
>
> For purposes of determining whether a Disability is the direct result of an accidental injury, the Disability must have occurred within 90 days of the accidental injury and resulted from such injury independent of other causes.
>
> If Your occupation requires a license, the fact that You lose Your license for any reason will not, in itself, constitute Disability.

14. At all relevant times, AWADALLAH complied with all conditions precedent and exhausted all required administrative remedies under the Plan.

15. Since approximately October 23, 2014, AWADALLAH has been disabled under the terms of the Plan.

16. Since on or about October 23, 2014, due to sickness or as a direct result of accidental injury, AWADALLAH has been receiving appropriate care and treatment and complying with the requirements of such treatment.

17. Since on or about October 23, 2014, AWADALLAH has been unable to earn more than

80% of her predisability earnings from her own occupation from any employer in her local economy.

18. Since on or about October 23, 2014, AWADALLAH has been unable to earn more than 60% of her predisability earnings from any employer in her local economy at any gainful occupation for which she is reasonably qualified taking into account her training, education and experience.

19. At all relevant times, AWADALLAH was a Covered Person under the Plan.

20. Shortly after becoming disabled, AWADALLAH made a claim to METLIFE under the Plan for disability benefits.

21. METLIFE initially approved AWADALLAH's claim and benefits were paid for the period of April 23, 2015 through March 22, 2016.

22. By letter dated March 28, 2016, METLIFE denied AWADALLAH's continued claim for LTD benefits and informed her that no benefits would be paid beyond March 22, 2016.

23. AWADALLAH timely and properly appealed the March 28, 2016 denial of her LTD claim.

24. By letter dated October 28, 2016, METLIFE upheld its previous decision to deny AWADALLAH's claim and informed AWADALLAH that her administrative remedies had been exhausted.

25. From March 23, 2016 to the present date, AWADALLAH has not received benefits owed to her under the LTD Plan despite AWADALLAH's right to these benefits.

26. METLIFE has refused to pay AWADALLAH's LTD benefits since March 23, 2016.

27. At all relevant times, METLIFE was the payer of benefits.

28. At all relevant times, METLIFE was the "Insurance Company" identified throughout the

Plan.

29. At all relevant times, METLIFE was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the Plan and for deciding any appeals of denied claims.

30. At all relevant times, AWADALLAH has been and remains Disabled and entitled to LTD benefits from METLIFE under the terms of the Plan.

31. AWADALLAH has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

32. AWADALLAH incorporates Paragraphs 1 through 31 as if fully set forth herein.

33. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

34. Pursuant to 29 U.S.C. §1132(a)(1)(B), AWADALLAH, as a participant under the Plan, is entitled to sue for judicial determination and enforcement of benefits.

35. AWADALLAH has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of METLIFE's failure to pay her disability benefits.

36. AWADALLAH has exhausted all administrative remedies under the Plan.

37. Defendant breached the Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to AWADALLAH at a time when METLIFE knew, or should have known, that AWADALLAH was

entitled to those benefits under the terms of the Plan, as AWADALLAH was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the termination of AWADALLAH's claim for LTD benefits;

(c) After AWADALLAH's claim was terminated in whole or in part, METLIFE failed to adequately describe to AWADALLAH any additional material or information necessary for AWADALLAH to perfect her claim along with an explanation of why such material is or was necessary.

(d) METLIFE failed to properly and adequately investigate the merits of AWADALLAH's disability claim and failed to provide a full and fair review of AWADALLAH's claim.

38. AWADALLAH believes and thereon alleges that METLIFE wrongfully terminated her claim for disability benefits under the Plan by other acts or omissions of which AWADALLAH is presently unaware, but which may be discovered in this future litigation and which AWADALLAH will immediately make METLIFE aware of once said acts or omissions are discovered by AWADALLAH.

39. Following the termination of benefits under the Plan, AWADALLAH exhausted all administrative remedies required under ERISA, and AWADALLAH has performed all duties and obligations on her part to be performed under the Plan.

40. As a proximate result of the aforementioned wrongful conduct of METLIFE, has damages for loss of disability benefits in a total sum to be shown at the time of trial.

41. As a further direct and proximate result of this improper determination regarding AWADALLAH's claim for benefits, AWADALLAH, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), AWADALLAH is entitled to have such fees and costs paid by METLIFE.

42. The wrongful conduct of METLIFE has created uncertainty where none should exist, therefore, AWADALLAH is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, ZAHRA AWADALLAH prays for relief against METROPOLITAN LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;
3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;
4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and
6. Such other and further relief as this Court deems just and proper.

DATED: March 21, 2017

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com